for consumption on and after September 10, 1955, at 12½ percent, if valued under $1.50 per dozen articles, or at 6¼ percent, if valued at $1.50 or more per dozen articles, under paragraph 210, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877).

No. 65004.—Balfour, Guthrie & Co., Limited v. United States, protest 271055-K (Galveston).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

No. 65005.—The Great Atlantic & Pacific Tea Company v. United States, protest 272230-K (Laredo).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

No. 65006.—Brown, Alcantar & Brown, Inc. v. United States, protest 274848-K (El Paso).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

No. 65007.—John V. Carr & Son, Inc. v. United States, protest 280019-K (Detroit).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

No. 65008.—The Quaker Maid Company, Inc. v. United States, protest 287099-K (Buffalo).

285

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

**No. 65009.**—Bunge Corporation *v.* United States, protest 302782–K (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

**No. 65010.**—Nurserymen's Exchange *v.* United States, protests 59/13217, 59/3911, and 59/3914 (San Francisco).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of bush peonies, imported for horticultural purposes and that if the merchandise were now before the collector for classification the merchandise would be classified as other herbaceous perennials, the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, JANUARY 4, 1961

**No. 65011.**—Roadel Foods, Inc. *v.* United States, protest 60/8781 (New York).

Opinion by WILSON, J. The protest was dismissed.

BEFORE THE SECOND DIVISION, JANUARY 4, 1961

**No. 65012.**—Arnold, Schwinn & Co. *v.* United States, protest 59/15639–10765 (Chicago).

LAWRENCE, Judge: Plaintiff filed the above-enumerated protest against the liquidation by the collector of customs of an item of merchandise consisting of bicycle pedals, which were classified as parts of bicycles in paragraph 371 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 371), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and assessed with duty at the rate of 30 per centum ad valorem.

The gravamen of plaintiff's protest is that neither the consignee, agent, nor his attorney was given notice of appraisement, as required by law (section 501 of the Tariff Act of 1930 (19 U.S.C. § 1501), as amended by Public Law 773 of the 80th Congress), and that the liquidation of the controverted item of merchandise was void.

The parties hereto have submitted this case for decision upon a stipulation of fact wherein it has been agreed: